**SECURITIES AND EXCHANGE COMMISSION, Plaintiff–Appellee,**

**Bank of America, NT & SA, a National Banking Association, Intervenor–Appellee,**

v.

**PRESTO TELECOMMUNICATIONS, INC., Defendant,**

**Thomas F. Lennon, Real-party-in-interest,**

and

**Alfred Louis Vassallo, Jr., aka Bobby Vassallo, Defendant–Appellant.**

No. 05–56449.

United States Court of Appeals, Ninth Circuit.

Submitted June 5, 2007 *.

Filed June 13, 2007.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

David Stuart Brown, Esq., Securities and Exchange Commission, Los Angeles, CA, Christopher Paik, Esq., SEC—Securities & Exchange Commission, Washington, DC, for Plaintiff–Appellee.

Raffi Khatchadourian, Hemar, Rousso & Garwacki, Encino, CA, for Intervenor–Appellee.

Rodney L. Donohoo, Esq., San Diego, CA, for Defendant–Appellant.

David L. Osias, Esq., Allen Matkins Leck Gamble Mallory & Natsis, LLP, San Diego, CA, for Real-party-in-interest.

Before: TROTT, TASHIMA, and RAWLINSON, Circuit Judges.

## MEMORANDUM **

1. The SEC presented evidence to the district court that Vassallo sold unregistered securities in interstate commerce. Vassallo failed in the district court to meet his burden of showing entitlement to an exemption, and his argument on appeal that Presto qualified for an exemption is without merit. *See SEC v. Murphy,* 626 F.2d 633, 641 (9th Cir.1980); 17 C.F.R. §§ 230.502, 230.504–506. The district court concluded correctly that Vassallo sold unregistered securities in violation of §§ 5(a) and 5(c) of the Securities Act. *See* 15 U.S.C. § 77e.

2. The SEC presented evidence to the district court that Vassallo violated Rule 10b–5, which prohibits the employment of manipulative and deceptive devices in the sale and exchange of securities. *See* 17 C.F.R. § 240.10b–5. To prove a violation of Rule 10b–5, the SEC must show 1) material misrepresentations; 2) in connection with the purchase, offer, or sale of a security; 3) scienter; and 4) a nexus to interstate commerce. *See SEC v. Rana Research, Inc.,* 8 F.3d 1358, 1364 (9th Cir. 1993). It is undisputed that Vassallo sold securities in interstate commerce.

■ Vassallo argues unpersuasively that the evidence the SEC presented to show his material misrepresentations was insufficient to support summary adjudication. The SEC produced evidence that Vassallo made numerous material misrepresentations to investors concerning Presto's relationships with major telecommunications companies, the status of its

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Mexican concession, Presto's use of investor funds, and the involvement of the U.S. Department of Commerce in procuring the Mexican concession. Vassallo points to no detailed facts or any supporting evidence from which a reasonable trier of fact could conclude either 1) that Vassallo did not make the alleged misrepresentations, or 2) that the representations were true. The declarations of Kit Bradshaw and Nicholas Costas do not raise a genuine issue of material fact. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *FTC v. Publ'g Clearing House, Inc.,* 104 F.3d 1168, 1171 (9th Cir.1997) ("A conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact.").

Vassallo's argument that there was no showing of scienter likewise fails. Vassallo failed to raise a genuine issue of material fact to prevent the district court from concluding as a matter of law that the pervasiveness of Vassallo's misrepresentations, the obvious falsity of the information he provided to investors, and the flagrant personal use of investor funds supported a finding of the requisite scienter. *See SEC v. Rubera,* 350 F.3d 1084, 1094 (9th Cir. 2003) ("Scienter may be established by recklessness ... an extreme departure from the standards of ordinary care ... which presents a danger of misleading ... that is either known to the defendant or is so obvious that the actor must have been aware of it.") (internal quotes and citations omitted). The district court did not err in finding that the evidence the SEC presented showed that Vassallo acted with a degree of recklessness indicating "some degree of intentional or conscious misconduct." *Id.* at 1094–95.

3. The district court applied the correct legal principles and did not abuse its discretion in granting the permanent injunction against Vassallo. The SEC's evidence showed "a reasonable likelihood of future violations of the securities laws." *Murphy,* 626 F.2d at 655; *see id.* ("In predicting the likelihood of future violations, a court must assess the totality of the circumstances surrounding the defendant and his violations ... consider[ing] factors such as the degree of scienter involved[.]").

■ 4. On the issue of disgorgement, the district court held the SEC to the correct standard, finding initially that the SEC presented insufficient evidence to calculate the appropriate amount of disgorgement. After the SEC renewed its motion, the district court reviewed the copies of investor checks, bank transactions for each deposit, and transfers from Presto accounts to Vassallo's personal accounts. Vassallo does not address the documentary evidence the district court reviewed or point to any evidence contradicting it. The district court did not abuse its discretion in concluding that the SEC's documents provided a reasonable approximation of profits causally connected to Vassallo's violations. *SEC v. First Pac. Bancorp.,* 142 F.3d 1186, 1191 (9th Cir. 1998) ("[A] district court has broad equity powers to order the disgorgement of 'ill-gotten gains' obtained through the violation of the securities laws."); *id.* at 1192 n. 6 (noting that the amount ordered disgorged need only be a "reasonable approximation of profits causally connected to the violation").

5. The district court awarded third-tier civil penalties in an amount equal to 10% of the amount it ordered Vassallo to disgorge. For the reasons discussed in 2. above, the district court did not abuse its discretion in awarding third-tier civil penalties in the amount of $120,000. *See* 15 U.S.C. §§ 77t(d)(2)(C), 78u(d)(3)(B)(iii).

6. Vassallo argues that the principles governing awards of receiver fees and costs mandate that costs and fees associated with a receivership must be paid from the property under the receiver's possession and control. *See Atlantic Trust Co. v. Chapman*, 208 U.S. 360, 375–76, 28 S.Ct. 406, 52 L.Ed. 528 (1908) (recognizing the general rule that liabilities a receiver incurs are chargeable solely upon the property under the control and possession of the court). Here, however, the funds under the receiver's control were fraudulently obtained. The district court did not abuse its discretion in concluding that equity required holding Vassallo, and not the investors he defrauded, liable for the receiver's fees and costs. *See SEC v. American Principals Holding, Inc. (In re San Vicente Med. Partners Ltd.)*, 962 F.2d 1402, 1406 (9th Cir.1992) ("The power of a district court to impose a receivership or grant other forms of ancillary relief ... derives from the inherent power of a court of equity to fashion effective relief.").

7. Vassallo offers no argument to support his contention that the district court should have granted his motions for continuances. He merely asserts that he "made arrangements to take the depositions of more witnesses." The district court noted accurately that Vassallo failed to comply with the requirements of Fed. R.Civ.P. 56(f). As in the district court, Vassallo does not indicate on appeal what evidence he might have obtained if the district court had granted the motions. The district court did not abuse its discretion in denying the motions.

8. Vassallo makes too much of the district court's reference to his invocation of the Fifth Amendment. The district court merely observed that Vassallo refused to answer questions at his deposition, and that an adverse inference was permissible. *See SEC v. Colello*, 139 F.3d 674, 677 (9th Cir.1998) ("Parties are free to invoke the Fifth Amendment in civil cases, but the court is equally free to draw adverse inferences from their failure of proof."). The district court noted correctly that in the Ninth Circuit the moving party in a summary judgment proceeding must present evidence in addition to the negative inference arising as a result of the invocation. *See id.* at 677–78. Even leaving aside the permissible adverse inference, the additional evidence the SEC presented was sufficient to support summary judgment against Vassallo.

**AFFIRMED.**