**SECURITIES AND EXCHANGE COMMISSION, Plaintiff—Appellee,**

v.

**Henry C. YUEN, Defendant—Appellant,**

and

**Elsie M. Leung; Craig M. Waggy; Jonathan B. Orlick; Peter C. Boylan, Defendants.**

No. 06–55857.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 11, 2008.

Filed April 1, 2008.

---

---

Thomas Karr, Karen J. Shimp, Esq., SEC—Securities & Exchange Commission, Washington, DC, for Plaintiff–Appellee.

Brian E. Maas, Esq., Frankfurt Kurnit Klein & Selz, PC, New York, NY, Michael J. Lightfoot, Esq., Lightfoot Vandevelde Sadowsky & Levine LLP, Jack P. Dicanio, Skadden Arps Slate Meagher & Flom, LLP, Patricia L. Glaser, Esq., Christensen Miller Fink Jacobs Glaser Weil & Shapiro, LLP, Los Angeles, CA, David W. Shapiro, Boies Schiller & Flexner, LLP, Oakland, CA, for Defendants.

Before: TROTT, CLIFTON, and CALLAHAN, Circuit Judges.

### MEMORANDUM *

Henry Yuen appeals from the district court's holding that he violated § 17(a) of the Securities Act of 1933 and §§ 10(b), 13(a), and 13(b)(2)(A) of the Securities and Exchange Act of 1934. *See* 15 U.S.C. §§ 77q(a), 78j(b), 78m(a), 78m(b)(2)(A). He appeals also the related disgorgement and civil penalty ordered by the district court. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

* This disposition is not appropriate for publication and is not precedent except as provided

Findings of fact are reviewed for clear error and upheld if, viewing the evidence in the light most favorable to the prevailing party, they are plausible in light of the record as a whole. *SEC v. Rubera,* 350 F.3d 1084, 1093–94 (9th Cir.2003). A disgorgement order is reviewed for abuse of discretion, *SEC v. First Pac. Bancorp,* 142 F.3d 1186, 1190 (9th Cir.1998), as is the imposition of a civil penalty and its amount, *SEC v. Sargent,* 329 F.3d 34, 38 (1st Cir.2003); *SEC v. Presto Telecomms., Inc.,* 237 Fed.Appx. 198, 200 (9th Cir.2007) (citing 15 U.S.C. §§ 77t(d)(2)(C), 78u(d)(3)(B)).

As the parties are well aware of the facts, we do not reiterate them here.

■ First, Yuen contests the district court's credibility findings and its rejection of his claim to a good faith reliance defense. Specifically, Yuen argues that the district court clearly erred by finding the KPMG auditors credible despite contradictions in KPMG's own work papers and documents it submitted to the SEC. However, these auditors stated that they did not learn of material facts until after those documents were created. Especially because "[c]redibility determinations . . . are matters left to the trier of fact," *United States v. Vasquez,* 858 F.2d 1387, 1391 (9th Cir.1988), it was far from clear error for the district court to credit the fully informed testimony of these auditors. In the same vein, there was ample evidence that Yuen did not make a full disclosure to the auditors, and thus the district court properly rejected his good faith reliance defense. *See SEC v. Goldfield Deep Mines Co.,* 758 F.2d 459, 467 (9th Cir. 1985).

by 9th Cir. R. 36–3.

Next, Yuen challenges the sufficiency of the evidence to prove he acted with scienter. Scienter can be established "by proving either actual knowledge or recklessness" through direct and circumstantial evidence. *Provenz v. Miller,* 102 F.3d 1478, 1490 (9th Cir.1996). Yuen's attempt to use the pleading standard laid out by the Private Securities Litigation Reform Act, 15 U.S.C. § 78u–4(b)(2), to argue that individual pieces of evidence were insufficient to show scienter is unconvincing in this civil enforcement action. Furthermore, the weight of the evidence was well beyond the amount needed to support the district court's findings and conclusions that Yuen intended to manipulate Gemstar's accounting and thereby defraud the market.

Yuen argues also that even if the district court did not clearly err in its finding of scienter, it abused its discretion in relying on the SEC's expert concerning the disgorgement amount. We disagree. Faced with a proffer of expert testimony, the trial judge must make a "preliminary assessment of whether the reasoning or methodology underlying the testimony is ... valid and of whether that reasoning or methodology properly can be applied to the facts in issue." *Daubert v. Merrell Dow Pharms., Inc.,* 509 U.S. 579, 592–93, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993). Here, both parties and two experts agreed that the method used by the SEC's expert—the event study methodology—is the generally accepted method of calculating disgorgement. The district court was within its discretion to allow the expert's testimony. Furthermore, the district court, as the trier of fact, was also within its discretion in weighing the evidence and in setting the disgorgement amount.

Finally, Yuen argues that the district court abused its discretion in setting the civil penalty because it was disproportionate to Yuen's conduct and because he was motivated by the desire to strengthen Gemstar. To the contrary, the district court properly found Yuen committed securities fraud with scienter, and Gemstar's April 2002 corrective disclosure alone resulted in a market loss of over $3 billion. The district court was well within its discretion in setting the civil penalty equal to the disgorgement amount. *See* 15 U.S.C. § 77t(d)(2)(C); 15 U.S.C. § 78u(d)(3)(B)(iii).

**AFFIRMED.**